IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OMAR A. AL-DAHIR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | Case No. 10-2571-CM |
| ROGER W. HAMLIN, FEDERAL ) | |
| BUREAU OF INVESTIGATION, and ) | |
| ERICSSON SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Omar A. Al-Dahir, proceeding *pro se*, brings this action against defendants Roger W. Hamlin, Federal Bureau of Investigation ("FBI") and Ericsson Services Inc. ("ESI"). The case arises out of plaintiff's termination from his employer, ESI, when a "federal agency" made "inquiries" about him. In his currently-operative complaint, Plaintiff claims that defendant FBI committed the torts of defamation and tortious interference with contract, and also violated the Privacy Act.[1] The case is before the court on defendant FBI's Motion to Dismiss Complaint/Amended Complaint or in the Alternative, Motion for Summary Judgment (Doc. 28).

**I.    Factual Background**

In September 2009, defendant ESI hired plaintiff to work in its Overland Park, Kansas office. At the time, plaintiff was living in Louisiana, but plaintiff turned down other offers of employment and accepted ESI's offer. He signed a one-year lease agreement for a home in Kansas and moved his family. He began work on October 12, 2009. But on November 13, 2009, plaintiff's supervisor

---

[1] Plaintiff has moved to amend his complaint to add claims for civil conspiracy and retaliation against the FBI, but the court has not yet allowed amendment.

informed plaintiff that "ESI or Sprint (not clear) was contacted by a federal agency and inquiries were made." (Doc. 1, at 3.) ESI terminated plaintiff's employment, stating that the termination was not performance-based. Plaintiff returned to Louisiana and has suffered emotional, financial, and mental hardship. Plaintiff believes that several FBI agents—who plaintiff had previously named in a Louisiana law suit—interfered with his employment at ESI to harass and intimidate him. He alleges that ESI terminated him because the FBI told ESI that plaintiff was a security risk.

On October 20, 2010, plaintiff filed this action. On October 27, 2010, he filed a form SF-95 administrative claim with the FBI. On that form, he alleges that ESI terminated him because FBI agents made "false and unsubstantiated statements" to ESI.

## II.      **Reviewing a *Pro Se* Complaint**

Defendant FBI asks the court to dismiss the complaint for two reasons: (1) lack of subject matter jurisdiction under Rule 12(b)(1); and (2) failure to state a claim under Rule 12(b)(6).

Under both 12(b)(1) and 12(b)(6), the court bears in mind plaintiff's *pro se* status. Because of plaintiff's *pro se* status, the court affords him some leniency in construing his complaint. *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is proceeding *pro se*. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted). Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

## III.   Discussion

A.   Subject Matter Jurisdiction - Tort Claims

Defendant FBI asks the court to dismiss the tort claims against it for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Specifically, defendant FBI contends that it is not the proper defendant, and that the only proper defendant–the United States–is immune from suit. Defendant FBI also alleges that plaintiff has not exhausted his administrative remedies.

The existence of subject matter jurisdiction is a threshold issue. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Unless the United States waives sovereign immunity, this court does not have subject matter jurisdiction over suits against the United States. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006). But here, plaintiff has not sued the United States. Instead, he named the FBI—a federal agency. A federal agency like the FBI cannot be sued under the Federal Tort Claims Act (the "FTCA"), which offers a limited waiver of sovereign immunity for the federal government. *See* 28 U.S.C. § 2679(a); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States. Although such claims can arise from the acts or omissions of United States agencies (28 U.S.C. § 2671), an agency itself cannot be sued under the FTCA."); *Denney v. U.S. Postal Serv.*, 916 F. Supp. 1081, 1083 (D. Kan. 1996).

Although the FBI is not the proper defendant, plaintiff's error is of little consequence here. Even if the court were to allow him to substitute the United States as the proper defendant, the claims would still be dismissed.

The FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). It does not, however, waive sovereign immunity for

defamation claims and tortious interference with contract claims. *See* 28 U.S.C. § 2680(h) (excluding claims for libel, slander, and tortious interference with contract); *Jimenez-Nieves v. United States*, 682 F.2d 1, 6 (1st Cir. 1982) (noting that defamation is the equivalent of libel and slander). The United States is immune from suit for these claims.

But even if the FTCA applied, plaintiff would still not be allowed to proceed. Under the FTCA, a tort claim against the United States must be "presented to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Then, plaintiff's lawsuit must be filed in an appropriate district court within six months after the date the agency mails notice of the final denial of the plaintiff's claim. *See* 28 U.S.C. § 2401(b); *Franklin Sav. Corp. v. United States*, 385 F.3d 1279, 1286 (10th Cir. 2004). Failure to comply with these provisions renders the claim "forever barred." 28 U.S.C. § 2401(b). The statute of limitations provision of the FTCA constitutes a waiver of the government's sovereign immunity, is jurisdictional, and cannot be waived. *Boehme v. U.S. Postal Serv.*, 343 F.3d 1260, 1262 (10th Cir. 2003); *Gualtier v. United States*, No. 93-3366, 1994 WL 247034, at *2 (10th Cir. June 8, 1994) (citing *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). This court is mindful not to "'extend the waiver beyond that which Congress intended.'" *Gualtier*, 1994 WL 247034, at *2 (quoting *Bradley v. United States ex rel. Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991) (additional citation omitted)).

Plaintiff fails to allege that he has complied with the FTCA's exhaustion requirements. The Form SF-95 filed on this claim was filed <u>after</u> plaintiff filed the instant lawsuit.

In response to defendant FBI's motion to dismiss, plaintiff presents a copy of another Form SF-95. He completed the second form on November 2, 2010 and listed his place of residence and the location of the incident as 935 Papworth Ave., Metairie, LA. This form also does not show that plaintiff exhausted his administrative remedies before filing suit, for two reasons: First, like the other

-4-

form, he completed the form <u>after</u> filing suit on October 20, 2010. Second, the form appears to refer to an incident separate from the one at issue in this case, which occurred in October or November 2009, when plaintiff was living in Overland Park, Kansas. This form does not demonstrate exhaustion of remedies.

Because plaintiff has failed to comply with the FTCA's exhaustion requirements, his defamation and tortious interference claims must be dismissed.

B.  Failure to State a Claim - Privacy Act Claim

Defendant FBI moves to dismiss plaintiff's Privacy Act claim under Fed. R. Civ. P. 12(b)(6). The court will grant a Rule 12(b)(6) motion to dismiss only when the factual allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008). The allegations must contain facts sufficient to state a claim that is plausible, rather than merely conceivable. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

"All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The court construes any reasonable inferences from these facts in favor of plaintiff. *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). The issue in reviewing the sufficiency of a complaint is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S.

232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). When evaluating a Rule 12(b)(6) motion, the court may consider not only the contents of the complaint, but also the contents of any attached exhibits. *Hall*, 935 F.2d at 1112.

If a government agency refuses to comply the Privacy Act, adversely affecting an individual, "the individual may bring a civil action against the agency." 5 U.S.C. § 552a(g)(1). But the FBI is not an "agency" under the Act. *See* 5 U.S.C. §§ 552(f)(1); *Judicial Watch, Inc. v. F.B.I.*, 190 F. Supp. 2d 29, 31 n.1 (D.D.C. 2002). Again, though, the court will proceed to consider the merits of the claim, as even if plaintiff were to substitute to correct defendant, the substitution would be futile.

The Privacy Act prohibits agencies from disclosing "any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(g)(1)(D). To prevail on a Privacy Act claim, a plaintiff must show: "(1) the information is a record within a system of records, (2) the agency disclosed the information, (3) the disclosure adversely affected the plaintiff, and (4) the disclosure was willful or intentional." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1269 (10th Cir. 2010).

Plaintiff's complaint fails to allege facts that would establish that the FBI disclosed a "record" within a "system of records." *Roberts v. U.S. Dep't of Justice*, 366 F. Supp. 2d 13, 25 (D.D.C. 2005). Plaintiff's only allegations about the FBI's disclosures are that the FBI "made inquiries," told ESI that plaintiff was a security risk, and "communicat[ed] information from records about Plaintiff . . . to ESI without written authorization from Plaintiff with the intent that said communications would cause harm to Plaintiff." (Doc. 1, at 4.) These are insufficient allegations to survive a motion to dismiss. They are general and vague, and constitute conclusory allegations. As mere conclusory allegations, they are not entitled to a presumption of truthfulness. *See Swanson*,

-6-

750 F.2d at 813 ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.").

For all of the above-stated reasons, the court determines that defendant FBI is entitled to dismissal of the case against it.

**IT IS THEREFORE ORDERED** that defendant FBI's Motion to Dismiss Complaint/Amended Complaint or in the Alternative, Motion for Summary Judgment (Doc. 28) is granted.

Dated this 3rd day of May 2011, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
