**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

OMAR A. AL-DAHIR, )
)
)
        **Plaintiff,** )
)
v. )
)   Case No. 10-CV-2571-CM
)
ROGER HAMLIN, )
FEDERAL BUREAU OF INVESTIGATION, )
AND ERICSSON SERVICES INC. (ESI), )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

This matter is before the court on defendants' motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 13.) Defendants contend plaintiff has failed to plead sufficient facts in his complaint to establish a valid claim against defendants. (Doc. 14, at 1.) Defendants also claim plaintiff has not met any exception to the employment-at-will doctrine in Kansas for wrongful discharge actions. (Doc. 14, at 4.) Additionally, defendants ask the court to grant their motion because defendant Roger Hamlin is not individually liable for wrongful discharge claims under Kansas law. (Doc. 14, at 5.)

In his memorandum in opposition to defendants' motion to dismiss, plaintiff, acting *pro se*, argues that defendants are liable to plaintiff for defamation and claims defendants are also liable under the theories of promissory estoppel and detrimental reliance. (Doc. 16, at 5, 8.) Plaintiff requests that the court deny the motion to dismiss and asks for an opportunity to amend his complaint. (Doc. 16, at 9.)

**I.     Factual Background**

Defendant Ericsson Services Inc. ("ESI") interviewed and subsequently hired plaintiff for a security position on or about September 18, 2009. (Doc. 16, at 2.) Plaintiff relocated himself and his family from Metairie, Louisiana, to Overland Park, Kansas. (Doc. 16, at 2.) He allegedly received other job offers from other employers—which he turned down—after accepting his position with ESI. (Doc. 16, at 2.) He signed a one-year lease agreement for a home in Overland Park, Kansas, and rented a moving van to transport his belongings. (Doc. 16, at 2.) Plaintiff's background check was completed satisfactorily on or about September 28, 2009, and he commenced employment with ESI on October 12, 2009. (Doc. 16, at 2.) On November 13, 2009, his supervisor, defendant Hamlin, told him that he was released from employment based on information that a federal agency gave to ESI. (Doc. 16, at 2.) Defendant Hamlin told plaintiff that his release was not based upon job performance and that he must leave immediately. (Doc. 16, at 2.)

At some point before his employment with ESI, plaintiff filed a civil action in the United States District Court for the Eastern District of Louisiana. (Doc. 1, at 1.) It appears his suit was against the FBI. (Doc. 1, at 1.) Plaintiff provides the court with little information about this suit. Plaintiff claims that his wrongful termination, however, was based on his filing of the suit. (Doc. 1, at 1.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), abrogated the previous standard granting a 12(b)(6) motion to dismiss when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *See* 550 U.S. at 561 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). *Twombly* set forth the new standard for

pleadings, stating that while "heightened fact pleading of specifics" was not necessary, the pleadings should include "enough facts to state a claim to relief that is plausible on its face." *See id*. at 570.

The pleading should include "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *See Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)). Additionally, the court takes well-pleaded facts as true and resolves any reasonable inferences in the plaintiff's favor. *See id*. The court does not make a determination on whether the plaintiff will prevail; rather, the issue is whether the plaintiff is permitted to offer evidence to support his claims. *See id.*

It is necessary to note that plaintiff is acting *pro se*, requiring the court to be cognizant of additional factors. *See Auld v. Value Place Prop. Mgmt. LLC*, No. 09-1139-EFM, 2010 WL 610690, at *2 (D. Kan. Feb. 19, 2010). "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Id*. (quoting *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). It is not the district court's responsibility, however, to act as an advocate for the *pro se* litigant. *See id*. The court should not formulate arguments for the plaintiff if the plaintiff does not mention those theories or claims. *See id*.

## III. Discussion

### A. Individual Liability for Wrongful Discharge Claims

Plaintiff brings a claim against defendant Hamlin for wrongful discharge. In *Rebarchek v. Farmers Coop. Elevator*, the court ruled that only an employer could be liable for wrongful discharge or "retaliatory discharge" claims. *See* 35 P.3d 892, 904 (Kan. 2001). In that case, Rebarchek brought claims for retaliatory discharge against his employer and supervisor. *See id*. at 895. The court agreed with the reasoning of the Illinois Supreme Court in *Buckner v. Atlantic Plant Maintenance*, 694 N.E.2d

565 (Ill. 1998), which determined that because the power to hire and discharge employees ultimately belongs to the employer, the employer alone may commit the tort of retaliatory discharge. *See id.* at 904. The *Rebarcheck* court followed this reasoning, determining that only the employer is liable for retaliatory discharge. *See id.* Likewise, in *Mondaine v. American Drug Stores, Inc.*, the court found that the plaintiff's failure to show that the manager against whom he brought a retaliatory discharge claim "occupied a corporate role beyond his managerial position," meant that only the employer—not the manager—was liable for the claim. *See* 408 F. Supp. 2d 1169, 1187 (D. Kan. 2006).

Here, like in *Rebarchek* and *Mondaine*, plaintiff has not indicated that defendant Hamlin had any corporate role or any position in ESI beyond his managerial position. *See* 35 P.3d at 904; 408 F. Supp. 2d at 1187. From the information provided, it appears that defendant Hamlin is merely a manager and cannot be individually liable for a claim of retaliatory discharge under Kansas law. Thus, the court grants the motion to dismiss as to defendant Hamlin.

**B. Kansas Employment-At-Will Doctrine**

Kansas law follows a general rule of at-will employment. *See Flenker v. Wiliamette Indus., Inc.*, 967 P.2d 295, 298 (Kan. 1998). When no contract for employment exists between an employer and employee, the employee is "terminable at the will of either party." *See id.* Under the employment-at-will doctrine, an employer may discharge an employee "for good cause, for no cause, or even for a wrong cause, without incurring liability to the employee for wrongful discharge." *See Bracken v. Dixon Indus., Inc.*, 38 P.3d 679, 682 (Kan. 2002) (quoting *Morriss v. Coleman Co.*, 738 P.2d 841, 846 (Kan. 1987)).

For plaintiff to prevail on his claim for wrongful discharge against defendants under the employment-at-will doctrine, he must show "that either 1) Kansas courts have recognized his retaliatory discharge claims as exceptions to the employment-at-will doctrine, or 2) the conduct on

which his retaliatory discharge claims are based is protected by Kansas public policy and no alternative state or federal remedy exists." *See Auld*, 2010 WL 610690, at *6. Kansas courts recognize three narrow public policy exceptions. *See id*. These exceptions include when an employer discharges an employee for 1) the employee's assertion of workers compensation rights; 2) termination because of whistleblowing by the employee; and 3) asserting rights under the Federal Employers Liability Act (FELA). *See id*. A claim based on public policy must involve a "clearly-defined public policy." *See Ellis*, 2008 WL 3915097, at *3. Furthermore, a public policy "should be so thoroughly established as a state of public mind so united and so definite and fixed that its existence is not subject to any substantial doubt." *See Palmer v. Brown*, 752 P.2d 685, 687–688 (Kan. 1998).

### 1. Exceptions to the Employment-at-Will Doctrine

Plaintiff bases his wrongful termination claim on defendants' decision to accept allegedly false and defamatory statements from other parties in making their decision to terminate plaintiff's employment. He also cites defendants' failure to conduct further investigation regarding these statements as wrongful termination. Plaintiff makes no allegation in his complaint that his discharge was due to his exercise of workers compensation rights. He also does not indicate that he was terminated for the exercise of his rights under the FELA. While it is not entirely clear, it appears plaintiff attempts to use the whistleblowing exception. However, he seems to direct his comments regarding retaliation for a suit he filed in Louisiana only at the Federal Bureau of Investigation (FBI) and not at defendants Hamlin and ESI. He does not indicate the basis for the suit.

A suit against the FBI or any third party, even if it might involve whistleblowing, would not provide a basis for an employment-at-will exception in a case involving entirely different parties—defendants ESI and Hamlin. *See*, *e.g.*, *Palmer v. Brown*, 752 P.3d at 686 (employee of medical facility

brought successful claim of retaliatory discharge when employer terminated her after she revealed her suspicions of medicare fraud at the facility).

Finally, plaintiff argues that detrimental reliance is a public policy exception to the employment-at-will doctrine. (Doc. 16, at 8.) As stated above, Kansas recognizes only three narrow exceptions to the employment-at-will doctrine. *See Auld*, 2010 WL 610690, at *6. Detrimental reliance does not fit into any of these categories. Thus, plaintiff's detrimental reliance argument fails.

### 2. Public Policy

It is not clear whether plaintiff has made an argument that the actions on which his wrongful termination claims are based are protected for public policy reasons. He does claim that he was discharged because his employer received and acted upon information that plaintiff had previously filed a civil action in the United States District Court for the Eastern District of Louisiana. As previously mentioned, although not entirely clear, it appears he filed his suit against the FBI.

In one case, the court found a cause of action based on public policy for wrongful discharge when plaintiff alleged he was discharged because he filed a workers compensation claim. *See Murphy v. City of Topeka-Shawnee Cnty. Dep't of Labor Servs.*, 630 P.2d 186, 192 (Kan. App. 1981). The termination of an employee for her testimony against her employer at an unemployment hearing provides another example. *See Kistler v. Life Care Centers of Am., Inc.*, 620 F. Supp. 1268, 1269 (D. Kan. 1985). In *Murphy*, the court based its decision regarding public policy on the fact that the Workmen's Compensation Act is meant to protect employees and "promote the welfare of the people." *See Murphy*, 630 P.2d at 192 ("[T]o allow an employer to coerce employees in the free exercise of their rights under the [Workmen's Compensation] [A]ct would substantially subvert the purpose of the [A]ct."). In *Kistler*, the court noted that the state legislature had stated a strong policy against the interference of employers in unemployment compensation hearings. *See* 620 F. Supp. at 1269.

Unlike in *Murphy* and *Kistler*, plaintiff has not cited any clearly-defined public policy protecting his right to file a suit against another party. *See* 630 P.2d at 192; 620 F. Supp. at 1269. Plaintiff's claims are different from these cases in several respects. First, plaintiff's previously-filed suit in Louisiana was not against defendant ESI or defendant Hamlin. As a result, neither defendant ESI nor defendant Hamlin would have any reason to retaliate against plaintiff by discharging him. This contrasts sharply with the situation in *Murphy*, where the workers compensation claim was filed against the employer that discharged the employee and in *Kistler*, when the employer interfered in the employee's hearing. *See* 630 P.2d at 192; 620 F. Supp. at 1269.

Next, the public policy protections for an employee to file a suit against someone other than the employer—if they exist at all—are much weaker than the public policy considerations in allowing employees to freely file workers compensation claims against their own employers or testify without employer interference in unemployment hearings. For these reasons, plaintiff has not shown that his actions were protected by public policy considerations.

Plaintiff failed to meet any of the exceptions to the employment-at-will doctrine and also failed to show any public policy reasons that would protect his actions and result in actionable wrongful discharge by his employer. Thus, plaintiff has failed to state a claim for wrongful or retaliatory discharge, and the court grants defendants' motion to dismiss on these issues.

### C. Leave to Amend Complaint

Plaintiff initially requested leave to amend his complaint within his response brief to the motion to dismiss. Later, after the instant motion was fully briefed, plaintiff filed a formal motion to amend his complaint (Doc. 20). Judge O'Hara recently denied the motion to amend (Doc. 47). Plaintiff's initial request to amend within his opposition brief was improper under the court's rules, and the court

denies his request for that reason and because it is now moot in light of Judge O'Hara's order entered June 24, 2011.

**D. Plaintiff's Surreply**

On February 3, 2011, plaintiff filed a motion for leave to file a surreply to his memorandum in opposition to defendants' motion to dismiss. (Doc. 21.) Plaintiff filed his surreply (Doc. 22) prior to receiving permission from the court to do so. The court granted plaintiff's motion to the extent that the court allowed plaintiff to file a surreply. (Doc. 23.) The court made it clear to plaintiff, however, that plaintiff should not consider the ruling to be determinative on whether the arguments raised in the surreply were properly before the court. *Id.* The court also indicated it would disregard any arguments in the surreply that were not properly before the court. *Id.*

Under Local Rule 7.1, the court generally prohibits surreplies. *See* D. Kan. Rule 7.1; *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001). Although this case is before the court on a motion to dismiss, the rationale used in cases considering summary judgment motions equally applies here. Rule 56(c) of the Federal Rules of Civil Procedure "requires the nonmoving party to be given notice and a reasonable opportunity to respond to the movant's summary judgment materials." *See* Fed. R. Civ. P. 56(c); *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998). Additionally, when a moving party brings forth new arguments and evidence in support of its motion, the court should grant the nonmoving party an opportunity to respond. *See id.* If the district court grants the moving party's motion without relying on the new arguments, however, the court does not abuse its discretion by prohibiting a surreply. *See id.* at 1164–65.

The court finds that defendants' response brief did not go beyond their motion's original scope or bring forth any new claims. Even if it had, the court finds additional argument and evidence was

not necessary for the court to rule on defendants' motion to dismiss. For these reasons, the court declines to consider plaintiff's surreply.

Even were the court to consider plaintiff's surreply, the outcome would remain the same. In his surreply, (Doc. 22, at 1–2), plaintiff again fails to state a valid public policy exception to the Kansas employment-at-will doctrine. *See Auld*, 2010 WL 610690, at *6. His previous claim of detrimental reliance (as discussed above) and his additional claim of retaliation for private and protected activities are not recognized public policy exceptions under the employment-at-will law doctrine. *See Ellis*, 2008 WL 3915097, at *3.

The court also disregards plaintiff's claim that individuals in Kansas may be held jointly and severally liable. (Doc. 22, at 2–3.) This is not true in wrongful termination claims. *See Rebarchek*, 35 P.3d at 904 (stating that only an employer could be liable for wrongful discharge or "retaliatory discharge" claims). Plaintiff, for the first time, raises a civil conspiracy claim in his surreply. (Doc. 22, at 6–7.) Plaintiff may not raise this novel claim for the first time in a surreply. *See Boyer v. Bd. of Cnty. Comm'rs*, 922 F. Supp. 476, 482 (D. Kan. 1996) ("[I]t is inappropriate to use a response to a motion to dismiss to essentially raise a new claim for the first time.").

Finally, plaintiff's surreply makes a defamation claim against defendants ESI and Hamlin. (Doc. 22, at 3–5.) For the reasons stated in Judge O'Hara's thorough analysis of plaintiff's proposed defamation claim (Doc. 47, at 5—8), the court determines that addition of a defamation claim against defendants ESI and Hamlin is futile. In addition, the three elements of defamation under Kansas law include (1) "false and defamatory words"; (2) "communicated to a third person"; and (3) which result in harm to the reputation of the person defamed. *See Hall v. Kan. Farm Bureau*, 50 P.3d 495, 504 (Kan. 2002). An essential part of these elements is that the *defendants* make defamatory statements *to* third parties. In his surreply, plaintiff states that defendants heard and relied upon defamatory

statements made by other parties. (Doc. 22, at 4.) The mere act of hearing others make allegedly defamatory statements does not make defendants liable for defamation.

## IV. Conclusion

The court dismisses plaintiff's suit against defendant Hamlin because only the employer, and not a supervisor, is liable for wrongful termination. Plaintiff fails to state a valid wrongful discharge claim because he did not meet any of the exceptions to the employment-at-will doctrine and has not provided a proper public policy basis for his claim. Plaintiff's request to amend has now been fully addressed by Judge O'Hara, and the court denies the request here as moot and because it fails to comply with the court's local rules. Finally, the court finds it unnecessary to consider plaintiff's surreply. The court grants defendants' motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 13) is granted.

Dated this 28th day of June, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**