### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **OMAR A. AL-DAHIR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **Case No.  10-2571-CM** |
| **ROGER W. HAMLIN, FEDERAL** ) | |
| **BUREAU OF INVESTIGATION, and** ) | |
| **ERICSSON SERVICES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER

Plaintiff Omar A. Al-Dahir, proceeding *pro se*, originally brought this action against defendants Roger W. Hamlin, Federal Bureau of Investigation ("FBI"), and Ericsson Services Inc. ("ESI").  The case arises out of plaintiff's termination from his employer, ESI, when a "federal agency" made "inquiries" about him.  Plaintiff claims that defendant FBI committed the torts of defamation and tortious interference with contract, and also violated the Privacy Act.  On May 3, 2011, the court granted a motion to dismiss the FBI from the case.  On June 28, 2011, the court also dismissed defendants Hamlin and ESI.  The case is now before the court on Plaintiff's Motion to Reconsider and in the Alternative to Modify Complaint to Reflect Proper Party (Doc. 41).

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1386 (10th Cir. 1997); *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).  In exercising that discretion, courts generally recognize three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Marx v. Schnuck Mkts., Inc.*, 869 F. Supp. 895, 897 (D. Kan. 1994) (citations

omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination."). "A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider." *Sithon*, 177 F.R.D. at 505. A motion to reconsider is not a proper place to reargue arguments that the court previously rejected. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, plaintiff claims that he did not intend to make a governmental agency (the FBI) part of the case. Instead, he claims, he intended to name only five unidentified federal agents. He now asks the court to grant him leave to amend his complaint to name the proper parties instead of dismissing the case against the FBI. In his motion to reconsider, plaintiff claims that he is actually bringing a *Bivens* action against the officers. He states that he is "seeking redress for violation of his Fifth Amendment claims with a *Bivens* [] action[]." (Doc. 42, at 2.)

Upon further review, the court notes that plaintiff's complaint does allege that unidentified FBI agents violated plaintiff's Fifth Amendment rights by defaming his character and violating the Privacy Act. He also lists "Five Unidentified FBI Agents" as parties within the text of the complaint, although the case caption names the FBI itself. To be certain, plaintiff's complaint was not completely clear about who he intended to sue.

But plaintiff's attempt to clarify his intent does not merit reconsideration of the court's previous order. He now seeks to add claims against new parties in a case that has no defendants remaining. Moreover, he seeks to add claims that are futile. He may not bring Privacy Act claims

against individuals. *Wren v. Harris*, 675 F.2d 1144, 1148 n.8 (10th Cir. 1982). And while a plaintiff may bring a Fifth Amendment claim for defamation under certain circumstances, this case does not present one of those circumstances. Here, FBI agents allegedly made defamatory statements that resulted in plaintiff's employer terminating his employment. Damage to one's reputation plus loss of a job may state a constitutional claim—if the employer is a public entity. *See Pendleton v. City of Haverhill*, 156 F.3d 57, 64 (1st Cir. 1998); *see also Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993) ("[T]he Court has limited the scope of an actionable liberty interest deprivation to situations involving termination of government employment or the loss of a legal right or status previously enjoyed under state or federal law.") (citing *Paul v. Davis*, 424 U.S. 694, 710–11 (1976)). In this case, plaintiff's employer was a private corporation. He was not terminated from government employment. At most, plaintiff may be able to pursue a state law claim of defamation against the FBI agents, but a constitutional claim is not actionable.

With no Privacy Act claim or constitutional claim, plaintiff has no remaining federal claims against the FBI (or in the case as a whole). The court declines to exercise supplemental jurisdiction over plaintiff's state law claim for tortious interference with contract.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reconsider and in the Alternative to Modify Complaint to Reflect Proper Party (Doc. 41) is denied.

**IT IS FURTHER ORDERED** that the case is closed, and judgment shall be entered in favor of defendants.

Dated this 2nd day of September 2011, at Kansas City, Kansas.

                **s/ Carlos Murguia**
                **CARLOS MURGUIA**
                **United States District Judge**