## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| OMAR A. AL-DAHIR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **Case No.  10-2571-CM** |
| ROGER W. HAMLIN, FEDERAL | ) | |
| BUREAU OF INVESTIGATION, and | ) | |
| ERICSSON SERVICES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Plaintiff Omar A. Al-Dahir, proceeding *pro se*, originally brought this action against

defendants Roger W. Hamlin, Federal Bureau of Investigation ("FBI"), and Ericsson Services Inc.

("ESI").  The case arises out of plaintiff's termination from his employer, ESI, when a "federal

agency" made "inquiries" about him.  Magistrate Judge O'Hara recently denied a motion by plaintiff

to amend his complaint (Doc. 47).  Because the order essentially dismissed potential claims, the

order can be considered dispositive—entitling plaintiff to *de novo* review of any portions of the

order to which he timely objects.  *See* Fed. R. Civ. P. 72(b).  Plaintiff did object:  Plaintiff's

Objection to Magistrate's Oder Denying Motion to Amend Complaint (Doc. 50) is now pending

before the court.

In considering plaintiff's objections, the court again bears in mind plaintiff's *pro se* status.

Because of plaintiff's *pro se* status, the court affords him some leniency in construing his proposed

amended complaint.  *Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan.

1995) (citation omitted).  The court may not, however, assume the role of advocate for plaintiff

simply because he is proceeding *pro se*.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The court should not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).  Nor should the court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

Federal Rule of Civil Procedure 15(a)(2) provides that the court should freely allow amendments.  *See* Fed. R. Civ. P. 15(a)(2).  But the court may deny amendment on the basis of futility.  *See Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997) (citation omitted).  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citation omitted).

Plaintiff objects to Judge O'Hara's order on several bases: First, he believes that Judge O'Hara discounted plaintiff's transcription of the employment termination hearing.  Second, plaintiff contends that Kansas does recognize the tort of retaliatory discharge.  Third, plaintiff asks the court to allow his retaliatory discharge claims against Roger Hamlin, the FBI, ESI, and Sprint under a theory of joint and several liability.  Fourth, plaintiff contends that his proposed amended complaint states a claim for defamation because the burden to give the details of the alleged conversation lies with defendant Hamlin—not him.  According to plaintiff, defendant Hamlin alerted plaintiff to the defamatory inquiries, so he is the one with access to the details about the statements.  Fifth, plaintiff continues to assert that defendant ESI is liable to plaintiff under a theory of promissory estoppel.  Sixth, plaintiff maintains that defendants ESI and Hamlin trespassed and violated his privacy.  Seventh, plaintiff argues that his civil conspiracy claim is viable.

-2-

This court has already addressed a number of plaintiff's positions in its June 28, 2011 Memorandum and Order on defendants' motion to dismiss (Doc. 49). Specifically, that order rejected plaintiff's contention that defendant Hamlin can be liable for wrongful discharge because he was not plaintiff's employer. (*See* Doc. 49 at 3–4.) Likewise, neither were the FBI or Sprint plaintiff's employer. This missing link precludes plaintiff's wrongful discharge action against them, as well. *See Rebarchek v. Farmers Coop. Elevator*, 35 P.3d 892, 904 (Kan. 2001) (holding that only an employer can be liable for wrongful discharge). The court has already rejected plaintiff's theory of joint and several liability in this context. (*See* Doc. 49 at 9.)

The court's June 28 Memorandum and Order also explained that plaintiff's retaliatory discharge claim fails because it does not fall under a valid exception to Kansas's at-will employment doctrine. (*See id.* at 4–7.) The order also addressed plaintiff's attempted defamation claims against defendants ESI and Hamlin. (*See id.* at 9.) And finally, the court rejected plaintiff's claims of promissory estoppel/detrimental reliance. (*See id.* at 6.)

The court will not readdress the above-identified issues. Plaintiff's arguments here do not alter the court's earlier analysis, and amendment of his complaint to add these claims is not warranted.

As for the three remaining issues that plaintiff raises, the court makes the following rulings:

<u>Judge O'Hara's Treatment of the Plaintiff's Transcription of the Termination Hearing</u>

Plaintiff alleges that Judge O'Hara failed to properly consider his allegations about comments made during his discharge hearing, treating them as "purported" and not "genuine." Judge O'Hara, however, fully considered plaintiff's allegations, construing them in the light most favorable to plaintiff. Even taking plaintiff's version of the comments as true, plaintiff fails to state a claim for relief. The content of the transcript does not impact whether plaintiff has pleaded

sufficient facts to support his claims.  And the court rejects plaintiff's position that the transcript

shifts the burden to defendants to provide the details about the allegedly defamatory statements.

This improperly shifts plaintiff's burden of pleading his case.  *Cf. Robbins v. Oklahoma*, 519 F.3d

1242, 1247 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough

factual matter (taken as true) to suggest' that he or she is entitled to relief.") (quoting *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 556 (2007)).

Trespass and Violation of Privacy

To the extent that plaintiff now attempts to raise a claim for trespass, such request is

improper and denied.  Plaintiff's objection to Judge O'Hara's order is the first place plaintiff has

raised a claim for trespass.  The court will not consider it now.

Plaintiff's claims for invasion of privacy are also futile.  Plaintiff has not provided any details

about the private or personal information shared by the FBI or others.  There are no allegations that

show it would be offensive to a reasonable person.  *See Dominguez v. Davidson*, 974 P.2d 112, 121

(Kan. 1999) (requiring that a false publication be highly offensive to a reasonable person for false

light invasion of privacy claim) (citations omitted).  Neither are there any allegations that defendants

ESI or Hamlin interfered with the seclusion of plaintiff's being or pried into his private affairs.  *See

Valadez v. Emmis Commc'ns*, 229 P.3d 389, 396 (Kan. 2010) (requiring interference with solitude or

seclusion or prying into private affairs/concerns for intrusion on seclusion claim).

Civil Conspiracy

Plaintiff claims that Judge O'Hara should have allowed him to amend his complaint to add a

conspiracy claim.  Judge O'Hara properly denied this request for at least two reasons: (1) plaintiff's

allegations on this claim are conclusory; and (2) plaintiff has not adequately alleged a wrong that

gives rise to an independent cause of action.  Without an underlying tort, plaintiff's conspiracy claim

-4-

is futile.

Jurisdiction over Remaining Claims

Finally, the court notes that all claims over which this court has original jurisdiction—the federal claims—have been dismissed.  All claims against Sprint, ESI, and Hamlin arise under state law.  Even if any of the claims were viable claims, this court would decline to exercise supplemental jurisdiction over them because the sole federal claims—the claims against the FBI agents—have been dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's Order Denying Motion to Amend Complaint (Doc. 50) is overruled.

Dated this 2nd day of September 2011, at Kansas City, Kansas.

**<u>s/ Carlos Murguia</u>**
**CARLOS MURGUIA**
**United States District Judge**